**James Joseph RILEY, petitioner,
Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 50230.**

Supreme Court of Minnesota.

June 20, 1980.

C. Paul Jones, Public Defender, Linda Matthews Britton, Asst. Public Defender, and Robert D. Goodell, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., and David L. Valentini, Sp. Asst. Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Minneapolis, for respondent.

Heard before SHERAN, C. J., PETERSON and YETKA, JJ., and considered and decided by the court en banc.

YETKA, Justice.

The appellant, James J. Riley, was convicted of aggravated rape at age 20 and was sentenced to an indeterminate 0- to 30-year term by the Fourth Judicial District Court. This conviction also resulted in the revocation of appellant's probation previously granted after a conviction for burglary. The 0- to 5-year sentence for that offense was therefore reinstated to run concurrently. The appellant was committed to the custody of the Youth Conservation Commission.

On the approach of the appellant's 25th birthday, the Minnesota Corrections Board [1] was required to determine whether he should be discharged or whether such a discharge would be "dangerous to the public." The board found the latter and ordered the appellant transferred to adult status and retained in custody. The appellant requested and received a hearing before the board, after which the board reaffirmed its decision. The appellant appealed to the Fourth Judicial District Court, which affirmed the board's decision, and now appeals the district court's decision. We affirm.

We are asked to decide whether appellant was denied his right to confrontation by the admission of written reports at the corrections board hearing without the persons who wrote the reports being present for cross-examination.

The appellant was sentenced under the provisions of the Youth Conservation Act which were repealed by 1977 Minn. Laws ch. 392, § 14, but which remain applicable to persons sentenced under them. The history and purposes of that act are set forth in *State v. Meyer*, 228 Minn. 286, 37 N.W.2d 3 (1949). One of the requirements of the act is that persons still in custody at age 25 be released unless the board finds that discharging the person would be "dangerous to the public." The act provided:

Unless previously discharged under the provisions of section 242.19, a person who has been committed to the corrections board upon conviction of a crime as provided in section 242.13 shall be discharged by the chairman and be given his liberty on his twenty-fifth birthday, unless the board shall determine that such discharge at that time would be dangerous to the public in which event the board shall transfer him to adult status, whereupon such person shall continue to serve the sentence theretofore imposed upon him (1) as a probationer or parolee if transferred while on probation or parole, or (2) in confinement if transferred while confined; subject, however, to be retaken and confined in the event of violation of parole or probation, or conditionally released on parole or discharged at the discretion of the board.

Minn.Stat. § 242.27 (1976).

The act also provided that the board hold a hearing to review its decision if requested and for judicial review of the board's decision:

(1) Within 30 days from the date of notice in writing of any order made pursuant to section 242.10, clause (1), or section 242.19, or of any order terminating its control made pursuant to section 242.-27 after an examination as therein provided, any person who has been committed to the board after conviction of a felony or gross misdemeanor, may request the board in writing to conduct a hearing of record for the review of any such order.

---

1. The duties and powers of the former Youth Conservation Commission are now vested in the Minnesota Corrections Board. Minn.Stat. § 241.045, subd. 7 (1978).

(2) If the board grants the request, it shall hold a full hearing of record, allowing the person opportunity to appear with counsel, and thereafter the board shall issue a final order affirming, modifying, or rescinding its prior order.

(3) Upon application to the committing district court made by the person affected by the final order within 30 days from the date of written notice thereof, the committing district court only may review such final order. Such review shall be in like manner as though reviewed by certiorari, except that the trial shall be de novo upon the return of the board and such other evidence as may be received by the court. Nothing herein shall prohibit the board from making such investigation and orders to carry out the purposes of this chapter.

Minn.Stat. § 242.36 (1976).

■ There can be no dispute that full due process was required at the board hearing. In *DeGidio v. State*, 294 Minn. 521, 200 N.W.2d 898 (1972), after reviewing the statutory scheme involved here, the court stated that if the board holds a hearing,

it must hold a full hearing with counsel, *right of confrontation*, and right of cross-examination to the defendant, and thereupon the commission shall affirm, modify, or rescind the order.

\* \* \* \* \* \*

As demonstrated, our statutory scheme provides an explicit, complete, and comprehensive remedy, embodying all the essentials of due process, for any person under YCC custody whom the commission fails to discharge on his twenty-fifth birthday upon a finding that his discharge at that time would be "dangerous to the public."[4]

[4] The procedure provided appears to be wholly consistent with the requirement of constitutional due process which arises where the commission, by refusing to grant a hearing before it or to discharge a person under custody, extends state control over him based upon a factual determination that his release would

be dangerous to the public. See, *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967); *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

294 Minn. at 524–25 & n. 4, 200 N.W.2d at 900–01 (emphasis added). Due process is required because the corrections board decision extends state control over the person, as stated in *DeGidio, supra*.[2] The person in custody has an absolute right to be discharged at age 25 unless the board finds that the discharge would be dangerous. Thus, as stated in *State v. Tyler*, 275 N.W.2d 800, 802 n. 2 (Minn.1979):

Section 242.36 proceedings transferring youthful offenders to adult status, which involve a de novo hearing by the committing court and place the burden on the MCB to justify further incarceration and denial of liberty, partake of some important aspects of criminal proceedings.

■ The appellant claims that his right to confrontation was violated by the admission into evidence at the corrections board hearing of several reports without the presence of the authors for cross-examination. We need not decide that question, however, because the evidence which was not objected to is sufficient to support the corrections board decision.

The appellant concedes that the record of disciplinary board actions taken against him while a prisoner is admissible in evidence without confrontation since he had been accorded due process during each of the disciplinary proceedings. In addition, the finding of dangerousness is supported by the testimony and written report of appellant's caseworker, who was present for cross-examination. Finally, the corrections board could consider the seriousness of the original offenses, burglary and aggravated rape, and the fact that appellant violated his burglary parole. Moreover, at oral argument, appellant's counsel disclosed that after the district court hearing, the appellant was again placed on parole but is now in apparent violation of the terms of his parole because he has absconded and his present whereabouts are unknown.

**2.** The decision in *Greenholtz v. Inmates of the Nebraska Penal and Corrections Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979),

concerning parole release decisions, does not affect this situation. *See also Kelsey v. State*, 283 N.W.2d 892 (Minn.1979).

It appears to us that when the appellant is asking this court to decide whether he is entitled to a new hearing before the Minnesota Corrections Board on the ground that he was denied confrontation, he should be expected to abide by the conditions of his parole and not be a fugitive from justice. At the very least, the appellant ought to be able to show that he would be available for a hearing were one to be granted. However, we need not rule on the question as to whether defendant was entitled to confrontation on the disputed evidence because the undisputed evidence was independently sufficient.

The trial court is affirmed.